# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID SKINNER,
    Plaintiff,

v.                                                    CIVIL ACTION NO. 1:09CV58

ROY GENE NICHOLS,
    Defendant, Third-Party Plaintiff,

v.

DOROTHY M. MAYLE, THE ESTATE
OF MATHEW JOHN MAULLER AND
HERTZ VEHICLE, LLC.,
    Third-Party Defendants.

## MEMORANDUM OPINION/ORDER

This day came the matter of a motion by Plaintiff, David Skinner, seeking Court permission for the late disclosure of John F. Wiechel, Ph.D., P.E., as a rebuttal expert witness [DE 133]. Defendant Nichols filed his response in opposition [DE 135]. The matter is not complex. The matter is decidable based on the record and docket before the Court. It does not require the taking of evidence.

## Procedural History

This is a motor vehicle personal injury action initiated by David Skinner, Plaintiff [Skinner], in the Circuit Court of Harrison County, West Virginia against Roy Gene Nichols, Defendant [Nichols] and removed to this Court on May 5, 2009.

According to the complaint Skinner claims he was injured August 10, 2007, when the van he was driving west on US Route 50 was struck by the Peterbuilt tractor operated by Nichols also traveling in a westerly direction on US Route 50.

On May 5, 2009 Nichols filed his answer to the complaint asserting he "was not guilty of any

negligence proximately causing or contributing to" Plaintiff's damages [Second Defense]; his negligence, if any, "was not the proximate or contributing cause of" Plaintiff's damages [Third Defense]; Plaintiff's damages "were due solely to the negligence and/or illegal acts of others and not to any alleged acts or omissions" on his part [Fourth Defense]; and Plaintiff's damages "were not the proximate result of any acts of omission or commission on" his part [Ninth Defense]. [DE 3].

Nichols filed a third party complaint seeking indemnification and or contribution against Dorothy M. Mayle [Mayle], The Estate of Mathew John Mauller [Mauller] and Hertz Vehicle, LLC. [Hertz] for the damages being claimed by Skinner. Nichols alleges that Mayle and Hertz negligently permitted Mauller, who was not licensed, to drive a Hertz rental car East on and inexplicably across the medium of US Route 50 then colliding head on into Skinner's vehicle. Nichols further alleges that this collision caused Skinner's vehicle to collide into Nichols' tractor.

July 21, 2009, the Court entered its scheduling order which provided the following pertinent dates:

| | |
|---|---|
| January 8, 2010 | Party bearing burden expert disclosure |
| February 8, 2010 | Responsive Party expert disclosure |
| March 1, 2010 | Rebuttal expert disclosure |
| March 15, 2010 | Daubert motions |
| March 19, 2010 | Daubert response |
| March 31, 2010 | Daubert hearing |

On August 12, 2009, Plaintiff sought leave of the Court to file a third party complaint in order to assert claims of indemnity and contribution against Dorothy Mayle, the Estate of Matthew John Mauller, and Hertz Vehicle, LLC "[b]ecause the plaintiff's accident could not have occurred as alleged but for the actions of the Third Party Defendants." [DE 14].

February 8, 2010, Nichols filed his expert witness disclosure revealing he intended to have Dr. Jon B. Tucker, MD testify "that the injuries sustained by Plaintiff were more likely than not caused by the head on collision with the Mauller vehicle and not caused by any contact with the Nichols vehicle." [Tucker's CV was provided. No expert report was provided][DE82].

March 4, 2010, Nichols filed his certification that he had served his Supplemental Disclosure of Expert Witnesses on Mary Guy Dyer, counsel for Skinner. [DE 84].

April 9, 2010, the Court by Order extended completion of discovery to May 12, 2010, but all other dates set forth in the July 21, 2009 Scheduling Order remained unchanged. [DE 98].

May 7, 2010, the Court in ruling on Skinner's Motion For Protective Order found in part:

"The Court concludes that Skinner's motion, originally filed as a motion in limine, is premature."

"The Court cannot address the admissibility of anticipated opinions when no testimony is on the record."

"Alternatively, Skinner could have chosen to challenge Dr. Tucker's qualifications under <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993)." [DE 129].

May 20, 2010, the deposition of Jon B. Tucker, MD was taken by Skinner's attorney.

May 25, 2010, Skinner filed the subject Motion To Permit Disclosure Of Rebuttal Witness [DE133] contending:

1. Dr. Tucker will testify that Skinner's injuries were caused by the initial impact with the Mauller vehicle and not by the Nichols truck;

2. the Court has not decided the issue of whether Dr. Tucker is competent to express his opinions because the Court has twice ruled that the prior challenges made in the forms of motions in limine to the testimony of and to the discovery deposition of Dr. Tucker were premature and therefore untimely under the Court's scheduling order;

3. that it is now necessary for Skinner to disclose a rebuttal witness, John F. Wiechel, Ph.D., P.E., in order to be prepared in the event the Court permits the testimony of Dr. Tucker;

4. and there is sufficient time remaining to permit the discovery of Dr. Wiechel's opinions prior to trial now scheduled to begin on July 8, 2010 [DE 142].

May 27, 2010, Nichols filed his Response To Plaintiff's Motion To Permit Disclsoure [sic] of Rebuttal Witness [DE 135] contending:

1. the time for allowance of rebuttal witnesses has long since passed;

2. the rebuttal witness is, in effect a Daubert challenge and

   a. there has been no report from the witness and

   b. "the matter is set of [sic] trial in a mere forty-three days after this motion was originally filed."

   c. "This Court, in its original scheduling order (DKT 13) set deadlines for Plaintiff's experts of January 8, 2010, Defense experts on February 8, 2010 and rebuttal experts on **March 8, 2010** [emphasis added]. The parties disclosed expert opinions in a timely manner and now, nearly two and one half months past the deadline, Plaintiff seeks to name a rebuttal expert."

The pending motion was referred to the undersigned on May 28, 2010 [DE 137].

## **Discussion**

Nichols erroneously asserts the deadline for rebuttal expert disclosure was established as March 8, 2010 [DE 135 *supra*]. The Court's scheduling order, unmodified with respect to expert witnesses, since its entry on July 21, 2009, clearly and unequivocally set March 1, 2010 as the deadline date for filing rebuttal expert witness disclosures.

Nichols' original disclosure of expert witnesses, including Dr. Tucker, filed February 8, 2010

did not include a written report for Dr. Tucker. F.R.Civ.P. 26(a)(2)(B) provides: "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. ..." The rule provides specifics of what must be included in such a report.

Nichols' initial disclosure of the name, CV, and general statement of what counsel believed Dr. Tucker would testify to does not meet the requirements of F.R.Civ.P. 26(a)(2)(B)(i, ii, iii, iv, v, and vi).

Pursuant to the rule, disclosure of expert witnesses must be accompanied by a signed report containing those matters required under F.R.Civ.P. 26(a)(2)(B)(i, ii, iii, iv, v, and vi). According to Rule 37(c)(1) a party that fails to disclose the information required under Rule 26(a) is not permitted to use that information as evidence at trial unless the failure is justified or harmless. In the instant case the failure to timely disclose can not be found justified or harmless. Young v. Norfolk Southern Ry. Co., WL 6011239 (S.D.W.V. 2005). No justification has been offered by Nichols for his failure to timely provide the required expert report. His failure to file the report timely is not harmless because it caused Skinner to be able to timely file notice of a rebuttal witness. On the other hand, Skinners failure to timely disclose Wiechel as a rebuttal expert was triggered by Nichols' failure to comply with the Court's scheduling order and the provisions of Rule 26.

In this case, instead of filing the rule required report, Nichols reserved the right to file such a report.

In order for the supplemental report of Dr. Tucker to be timely under the strict language of the Court's July 21, 2009 scheduling order, it must have been filed by Nichols within a reasonable time before the March 1, 2010 rebuttal expert disclosure deadline in order to permit Skinner to

timely notice his intent to use and to make a disclosure of a rebuttal expert. By not filing the report until March 4, 2010, Nichols precluded any possibility of Skinner complying with the Court's March 1, 2010 rebuttal expert disclosure deadline.

In determining whether to exclude witnesses not disclosed in compliance with the scheduling order, the Court must consider four factors: 1) the reason for failing to name the witness, 2) the importance of the testimony, 3) potential prejudice in allowing the testimony, and 4) the availability of a continuance to cure such prejudice. *Geiserman,* 893 F.2d at 791; *see also Patterson v. F .W. Woolworth Co.,* 786 F.2d 874, 879-80 (8th Cir.1986) (applying similar factors in concluding that court did not abuse discretion in allowing late expert); *Sullivan,* 175 F.R.D. at 506-07 (same factors govern resolution of motion to exclude expert testimony under Fed.R.Civ.P. 37(c)(1)).

In light of the District Court's prior orders in this case establishing strict adherence to the deadlines established by the scheduling order, Nichols offers, and the undersigned can find, no good reason to relieve Nichols of the effects of his own failure to strictly adhere to those deadlines.

The undersigned has reviewed the entire docket in this case and has found no modification of the expert witness disclosure deadlines established by the Court's order of July 21, 2009 [DE 13]. The docket reflects:

DE 28    Stipulation granting an extension of time to answer.

DE 30    Stipulation granting an extension of time to answer.

DE 34    Stipulation granting an extension of time for an IME.

DE 98    April 9, 2010 Order granting Nichols' DE 96 motion to extend time for completion of discovery to May 12, 2010. This order contained the following expressed provision: "All other dates set forth in the Scheduling Order remain unchanged."

DE 106   April 15, 2010 Order granting DE 105 again containing the following specific

| | |
|---|---|
| | language: "All other dates set forth in the Scheduling Order remain unchanged." |
| DE 113 | April 22, 2010 Order denying Skinner's Motion in Limine DE 111 without prejudice as being filed prematurely with no deposition of the Dr.Tucker's testimony yet of record and with no mention of any change in the scheduling order dates. |
| DE 129 | May 7, 2010 Order denying Skinner's DE 117 Motion For Protective Order but granting Skinner's motion for an extension of time to take Dr. Tucker's deposition DE 122 with no mention of any other change in the scheduling order dates and with the following additional language: "Moreover, it appears that Skinner's motion should be more properly taken up as originally submitted, a motion in limine." |

With respect to prejudice suffered, if any by Nichols, there is yet a month remaining before trial and Nichols has known of the gist of the testimony Wiechel would give if permitted for some time and at least since the filing of subject motion. There is no surprise or ambush at trial on Nichols by granting the relief requested in Skinner's motion. Michelone v. Desmarais, 25 Fed.Appx. 155 (4th Cir. 2002). Moreover, there is ample opportunity in the time remaining for Nichols to prepare for the testimony of Wiechel without a continuance of the trial. *Id.*

Nichols impliedly argues that, not having timely filed his expert report, once received on March 4, 2010, Skinner would have had time to mount a Daubert challenge by the scheduled deadline of March 15, 2010. The Daubert argument is a red herring and misses the point of the motion before the bar of the Court.

While Defendant appears to rely on dicta of the District Court's Orders [DE 129 and 113] to the effect that Skinner could have mounted or was mounting a Daubert challenge, the actual rulings in those orders are based on the scheduling order; the fact that there was no testimony of Dr. Tucker of record for the Court to consider; and the need to provide time to get the Dr.'s deposition

testimony so the Court could consider a timely filed motion in limine. The undersigned cannot speculate on whether Skinner will timely file a motion in limine with respect to Dr. Tucker's proposed expert testimony. The undersigned cannot speculate whether the District Judge would limit Dr. Tucker's opinion testimony if such a motion in limine were to be timely filed by Skinner. Moreover, Skinner has no way to know what the outcome of such a motion would be if timely filed.

## Conclusion

The undersigned concludes that the matter now pending is not a Daubert challenge to the proposed expert testimony of Dr. Tucker. Instead, the undersigned concludes it is for leave to file late notice of a rebuttal expert witness. The undersigned further concludes that Nichols violated the scheduling order of July 21, 2009 by not timely filing the report of Dr. Tucker on February 8, 2010 or within a reasonable time thereof so as to permit Skinner to file notice of his rebuttal expert by March 1, 2010. The undersigned finds that Nichols' filing of Dr. Tucker's report on March 4, 2010 precluded Skinner from filing notice of a rebuttal expert on or before March 1, 2010. The undersigned further finds that 30 days exist between the date of this Order and the commencement of the trial of this case and that approximately three weeks exist between the date of this Order and the date of the final pretrial conference [DE 130 Order scheduling the final pretrial conference on July 1, 2010]. The undersigned further finds that there is sufficient time remaining between the date of this Order and the final pretrial conference for Skinner to properly disclose the identity and provide the report of his rebuttal expert witness and for that witness to be deposed should Nichols' counsel elect to take his deposition.[1]

## ORDER

---

[1] It must be noted that F.R.Civ.P. 26 was designed to reduce the need to take discovery depositions of experts by providing for detailed reports.

For the foregoing reasons, Plaintiff's Motion To Permit Disclosure Of Rebuttal Witness [DE 133] is **GRANTED;** Plaintiff shall in all respects comply with F.R.Civ.P. 26(a)(2)(A) and (B)(i, ii, iii, iv, v, and vi) with respect to his proposed rebuttal expert witness, John F. Wiechel, Ph.D., P.E. by not later than 4:00 p.m. June 14, 2010; and Plaintiff shall make his expert witness, John F. Wiechel, Ph.D., P.E., available at Defendant Skinner's reasonable expense between the date Plaintiff has fully complied with the provisions of F.R.Civ.P. 26(a)(2)(A) and (B)(i, ii, iii, iv, v, and vi) and June 28, 2010 at 4:00 pm for Defendant Nichol's taking of said rebuttal expert witness, John F. Wiechel, Ph.D., P.E.'s deposition, should that be what said Defendant elects to do.

The Clerk is hereby directed to remove DE 133 from the docket of motions actively pending before this Court.

**IT IS SO ORDERED**.

Dated:

June 7, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE